CONCEPCIÓN FERNÁNDEZ DE CASTRO, Plaintiff and Appellant, *v.* RAFAEL ARJONA SIACA, Defendant and Appellee.

No. 6510.   Argued February 21, 1935.—Decided April 17, 1935.
Rehearing denied June 7, 1935.

*Heriberto Torres Solá* for appellant.   *E. Campos del Toro* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

About the year 1922, the day and month not appearing, the plaintiff, Concepción Fernández, widow of Castro, sold a library which had belonged to her deceased husband, Antonio F. Castro, to the defendant attorney, Rafael Arjona Siaca, for $2,000; and separately sold as well a bookcase, the price of which was fixed at $50.

On October 27 of that year the buyer made a partial payment of one hundred dollars, and on March 21 of the following year, 1923, the transaction was reduced to writing as follows:

"1.—Mr. Arjona promises to deliver to Mrs. de Castro the sum of $800 on April 30, 1923, together with a promissory note to become due three months from that date, for $600, bearing interest at 10 per cent per annum, it being understood that this promissory note for $600 is subject to be extended for three months at the request of Mr. Arjona.

"2.—In case the above obligation should not be fulfilled, then Mr. Arjona promises to fulfill the conditions set forth in the foregoing agreement as to the purchase of Mr. Castro's library, upon the following terms:—$200 in cash and $1,700 in three annual installments, as follows:—$700 on April 30, 1924, $700 on April 30,

1925, and $300 on April 30, 1926, with interest at 8 per cent per annum, it being understood that these installments are subject to be extended in the same manner as in the preceding agreement.''

As the buyer was unable to fulfill the promises contained in the first paragraph, those set forth in the second became effective. The buyer failed to make the payments on the dates agreed upon. On different occasions he finally made payments aggregating $2,000 and appears to have thought that with the last payment of $1,000, made to an agent of the seller, everything was settled. The vendor did not consider the matter and began this suit to recover a balance of $779.33, with interest from January 21, 1927, the date on which the last payment on account of the entire debt was made, together with costs.

The case went to trial, and the court held that the sum really owed on the date of the last partial payment was $126.71, and adjudged the defendant to pay it with interest at 8 per cent per annum counting from that date, with costs.

Feeling aggrieved by that judgment, the plaintiff appealed to this Supreme Court. In her brief she assigns as a sole error the following:

''The Court erred in the interpretation of the contract of March 21, 1923, copied in the 5th paragraph of the first amended complaint (p. 15 of the Judgment Roll), in not computing for the purpose of rendering judgment, interest at 8 per cent from the date of the instrument until three months after the maturity of the installments, and in computing interest at that rate, instead of 6 per cent por annum during default.''

■■ From an examination of the record and the briefs, it must be concluded that the error exists. The party appellee himself says:

''Let us see now the grounds upon which the plaintiff bases her assignment of error against the judgment appealed from. The plaintiff states that interest ought to have been computed at 8 per cent from the date of the instrument. We maintain, on the contrary, that the interpretation of the Court below was correct in holding that the

interest agreed upon was to be effective after the maturity of the installment of principal bearing interest. The appellant, however, calls the attention of this Court to the fact that in the defendant's answer (Judgment Roll, pp. 31, 32), under New Matter, paragraph A, it is clearly established that 'each installment would bear interest at 8 per cent per annum from the date of the purchase until maturity thereof.' This being an allegation in the answer, even though the defendant was not and is not in agreement therewith, the same having been discovered by him after the pleading was filed, the defendant accepts the situation arising therefrom, and believes that, for the purpose of determining the controversy between the parties upon the facts in this case, interest ought to be computed on the amount owed, from the date on which the debt was contracted until the maturity of each installment, at the rate of 8 per cent per annum, and that it is only after the maturity of each installment that interest ought to be computed at the rate of 6 per cent per annum, during default.''

The appellee maintains, however, that interest at 8 per cent ought to be computed only until the maturity of each installment and not until the expiration of the extension thereof.

We think that he is wrong, since interest at 8 per cent having been agreed upon, it ought to be understood as effective during the extension stipulated in the contract. If not paid at maturity, the installment must be understood as having been, in effect, extended. Legal interest is applicable during the time not agreed upon by the parties. In such case, the law intervenes and supplies what the parties have failed to fix.

The difficulty with entering the judgment which ought to have been entered by the district court arises from the fact that the computation made by the appellant assuming the existence of the error shows a balance of $478.91, while that made by the appellee gives a balance of $98.49.

Since the amount adjudged to be paid by the court was $126.71, we had the idea of affirming the judgment, applying the principle of "De minimis non curat praetor"; but this can not be done, since it is admitted that the calculation

of interest on which the judgment is based omitted a specified interval. The computation which we have made gives a balance of $339.32 owing at the time of the last partial payment, January 21, 1927, without taking into consideration the $50 for the bookcase. While not included in the instrument, that transaction existed, and consequently a payment therefor ought also to be ordered, that is, $50 dollars with interest at six per cent per annum from the date of the filing of the complaint.

Therefore, the judgment appealed from must be modified, and the defendant ordered to pay to the plaintiff the sum of $339.32, with interest thereon at 6 per cent per annum from January 21, 1927, until fully paid, and further to pay the sum of $50, with interest thereon at 6 per cent per annum from February 25, 1930, the date on which this suit was commenced, all without special imposition of costs; and as so modified, the judgment is affirmed.

ON MOTION FOR REHEARING

June 7, 1935

Mr. Chief Justice Del Toro delivered the opinion of the court.

On April 17 last, this court decided this appeal, modifying the judgment appealed from in the sense of adjudging, as it did adjudge, the defendant to pay to the plaintiff-appellant $339.32, with interest thereon at six per cent per annum from January 21, 1927, and further to pay to her the sum of $50, with interest thereon at six per cent per annum from February 25, 1930.

Within the extension granted to him the appellee presented, on May 11 last, a motion for particulars and extension, which was decided as follows:

"The motion for particulars is denied, for, although the various arithmetic operations which were necessary to make in order to reach the result upon which the judgment was based do not appear in the opinion of the court, the bases for such calculations do appear, that

is, interest computed at 8 per cent per annum from the date of the document until three months after the maturity of the installments and at 6 per cent per annum during the period of default, the liquidation of principal and interest being required at the date of each partial payment, the latter to be applied first to the payment of the interest due;

"And with respect to the extension, a period is granted up to May 27 of this year for filing the motion for reconsideration."

On May 27 the appellee filed this motion for reconsideration. He maintains therein that this court erred in its calculations in taking as the price for the sale of the library $2,000, when according to the instrument finally executed, such price was fixed at $1,900, with the result that the balance due is $249.53 instead of $339.32 which the court ordered him to pay.

Notice of the motion for reconsideration was given to the appellant and she was granted a period within which to answer the motion if she deemed it advisable, it being understood that if this court deemed it just it would not only reconsider its judgment but would enter in lieu thereof such judgment as might be proper.

On June 4 last, the appellant filed her opposition to the motion for reconsideration. It contains a careful study of all of the questions raised and a liquidation made upon the basis of Matte's Interest Tables, compiled by Napoleón Matte, on the basis of a year of 365 days, which shows a balance due amounting to $335.01.

The original opinion on which our judgment is based commenced as follows:

"About the year 1922, the day and month not appearing, the plaintiff, Concepción Fernández, widow of Castro, sold a library which had belonged to her deceased husband, Antonio F. Castro, to the defendant attorney, Rafael Arjona Siaca, for $2,000; and separately sold as well a bookcase, the price of which was fixed at $50."

With respect to the fifty dollars for the bookcase there is no question. With respect to the price of the library, the

basis of $2,000 was in fact taken for our calculations. If
$1,900 appears in the document executed later, which is copied
in the opinion itself, it is because the $100 previously paid
on account was overlooked. The reconsideration sought
does not lie.

Now then, since the liquidation made by the appellant
herself shows a difference of $4.31 in favor of the appellee,
our judgment must be modified by substituting the amount
of $335.01 for $339.32, the question raised by the defendant
appellee being thus definitely settled.